IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) CR 03-238 (See CA 14-1384) |
| TERRON SHONTANE TAYLOR, | ) CR 05-148 (See CA 14-1385) |
| | ) |
| Defendant/Petitioner. | ) |

O R D E R

AND NOW, this 25th day of June, 2015, upon consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (hereinafter "motion") (Doc. No. 100 at CR 03-238; Doc. No. 24 at CR 05-148), filed in the above-captioned matters on October 13, 2014, and upon further consideration of the Government's response thereto (Doc. No. 102 at CR 03-238; Doc. No. 26 at CR 05-148), filed in the above-captioned matters on November 5, 2014, and Defendant's reply to the Government's response (Doc. No. 103 at CR 03-238; Doc. No. 27 at CR 05-148), filed in the above-captioned matters on November 26, 2014,

IT IS HEREBY ORDERED that said motion is DISMISSED. IT IS FURTHER ORDERED that no certificate of appealability shall be issued.

**I.   Background**

Petitioner was charged with conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846 (at CR 03-238), and money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (at CR 05-148). Petitioner was also charged in a related case in the Eastern District of Pennsylvania (at CR 02-801-20). On May 31, 2005, Petitioner entered a guilty plea to the charges at both CR 03-238 and CR 05-148. On

August 25, 2005, the Court sentenced Petitioner to 336 months imprisonment at CR 03-238, to be served concurrently with a term of imprisonment imposed at CR 05-148 of 216 months, and also to be served concurrently with the remainder of a term of imprisonment imposed at CR 02-801-20 in the Eastern District of Pennsylvania. Additionally, Petitioner's term of imprisonment was to be followed by a term of supervised release of ten years imposed at CR 03-238, to be served concurrently with a three-year term of supervised release imposed at CR 05-148.

On September 6, 2005, Petitioner's attorney filed a notice of appeal at both CR 03-238 and CR 05-148. On July 12, 2006, the Court of Appeals for the Third Circuit issued final judgments at each criminal number, affirming the judgment and order of this Court. Petitioner's attorney subsequently filed a petition for writ of certiorari at both criminal numbers, and, on October 30, 2006, the petition was denied as to both cases.

On October 13, 2014, Petitioner filed his Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255(f)(3) at both CR 03-238 and CR 05-148. Petitioner filed this motion nearly eight years after his judgment of conviction became final, but he requests that the doctrine of equitable tolling be invoked in this case. The Court, therefore, issued an Order on October 15, 2014, ordering the Government to respond to Petitioner's motion with regard to the issue of timeliness. (Doc. No. 101 at CR 03-238; Doc. No. 25 at CR 05-148). On November 5, 2014, the Government filed its response, and Petitioner filed his reply thereto on November 26, 2014.

## II. Discussion

Petitioner brings his motion pursuant to 28 U.S.C. § 2255, which permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside or correct the sentence" where: (1) "the sentence was imposed in violation of the Constitution or

laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Although a prisoner was previously able to file a Section 2255 motion at any time, the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132 ("AEDPA"), has imposed stringent requirements for seeking and obtaining collateral relief. The AEDPA amended Section 2255 to impose a one-year time limit on filing Section 2255 motions. Specifically, 28 U.S.C. § 2255(f) provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As previously noted, Petitioner's judgment of conviction in this case became final on October 30, 2006, when the petition for writ of certiorari was denied as to both of his cases. Thus, the deadline for Petitioner to file a Section 2255 motion was November of 2007. The present motion was filed well over one year past that deadline—nearly eight years later, actually—so subsection (1) does not apply in this case. There is also no indication in the record that subsections (2) or (3) are relevant to this case. Finally, as to subsection (4), Petitioner has

3

not identified any facts supporting his claim which could have been discovered at a later date through the exercise of due diligence. Therefore, because Petitioner cannot satisfy any of the criteria under Section 2255(f), the issues currently under consideration in Petitioner's motion are untimely.

Nevertheless, Petitioner asks that the Court invoke the doctrine of equitable tolling in this case. The Third Circuit has held that the one-year limitations period for filing a Section 2255 petition is a statute of limitations, and is therefore subject to equitable tolling. See Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Federal courts, however, invoke the doctrine of equitable tolling "only sparingly." United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998). In fact, equitable tolling is only appropriate when the petitioner has been prevented from asserting his rights "'in some extraordinary way.'" Miller, 145 F.3d at 618 (quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994)). Additionally, the petitioner must show that he "'exercised reasonable diligence in investigating and bringing [the] claims.'" Id. at 618-19 (quoting New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997)). "Mere excusable neglect is not sufficient" to toll the statute of limitations. Id. at 619.

In the present case, Petitioner has failed to establish these requirements. Although Petitioner vaguely asserts in his response that he suffered depression, anxiety and denial of what had occurred after his sentencing, he admits that, after the United States Supreme Court ruled in his case, the attorney who had represented him advised him that he could file a Section 2255 petition to seek further review of his sentence. Petitioner complains, however, that the attorney did not provide further help instructing him on the nature of that petition or how to prepare or file the petition. Petitioner also notes that the attorney did not supply him with a complete copy of

4

his file, but, rather, only provided him with certain materials.  Nevertheless, Petitioner does not elaborate as to what materials he lacked, nor does he provide an explanation of any further efforts on his part to obtain such materials.  Petitioner also contends that he did not have sufficient access to legal research materials and legal assistance, that he could not obtain legal advice from persons trained in the law or from prison law libraries, and that, although he at various times sought the assistance of counsel, he could not meet the retainers requested.  Again, Petitioner does not further specify what his efforts were—merely that he could not obtain legal assistance to file a Section 2255 motion.

Regardless, there is no constitutional right to counsel in federal habeas corpus proceedings.  See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Pennsylvania v. Finley, 481 U.S. 551, 554-55 (1987); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), superseded on other grounds by statute, 28 U.S.C. § 2254(d).  Petitioner admits that he had knowledge that he could file such a motion, but simply lacked the legal assistance and materials to do so.  Petitioner's assertions concerning his lack of legal assistance or legal resources, however, do not show that he exercised reasonable diligence in investigating and bringing his claims, and they certainly do not demonstrate extraordinary circumstances preventing him from filing his motion.  Furthermore, Petitioner has cited no other circumstances which could be seen as extraordinary that stood in his way and prevented him from filing a pro se Section 2255 petition within the applicable one-year period.  Petitioner's argument that the doctrine of equitable tolling should be invoked in his case, therefore, is completely lacking in merit.

In sum, the arguments set forth by Petitioner do not demonstrate that he has been pursuing his rights diligently, nor do they present extraordinary circumstances sufficient to equitably toll the AEDPA's statute of limitations.

**III.    Conclusion**

Accordingly, Petitioner's motion is dismissed as untimely.  Additionally, a certificate of appealability may issue under 28 U.S.C. § 2255 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability should not issue in this action.

s/Alan N. Bloch<br>United States District Judge

ecf:    Counsel of record